PATRICK J. PALOMO, Defendant-Appellant

v.

PEOPLE OF GUAM, Plaintiff-Appellee

Criminal No. 112F-75

District Court of Guam

Appellate Division

March 13, 1978

---

492

Before DUENAS and THOMPSON, *District Judges;* and BURNETT, *Designated Judge*

THOMPSON, *District Judge*

### MEMORANDUM OPINION

Patrick J. Palomo was convicted of assault with a deadly weapon for his role in aiding and abetting an attempted

shooting of a Guam police officer, Sergeant Frank Sablan. Direct evidence of the defendant's participation in the crime was provided by the testimony of Bennie Gogue, one of three other persons involved in the shooting incident. He testified that Patrick Palomo joined in the discussion of shooting Officer Sablan and was present in his red Datsun pickup on both occasions when shots were fired into the Sablan house. Corroborative evidence was provided by two of Sablan's neighbors who testified to seeing a vehicle similar to that usually driven by Patrick Palomo at the scene of the shootings. One of the neighbors also testified that the driver of the red Datsun pickup had a hairstyle somewhat similar to that of the defendant.

The People also called Vincent Palomo, cousin of the defendant and another of the participants in the assault on Officer Sablan and his family, as a Government witness. Vincent testified that the defendant was not at the scene during the shootings, and denied ever making a statement to the contrary. The People were permitted to counter with Vincent's prior inconsistent statement that Patrick had been present. Defense counsel vigorously objected to the admissibility of the prior statement on the ground that it had been coerced by a threat to certify Vincent for trial as an adult. The trial court denied a defense request that the court make a preliminary determination of voluntariness, ruling that evidence of coercion went to the weight rather than the admissibility of Vincent's prior statement.

 The defendant's first two appellate contentions attack the sufficiency of the evidence. The defendant first contends that there was insufficient evidence to corroborate the accomplice testimony of Bennie Gogue. Assuming adequate corroboration, the defendant next contends that the evidence as a whole was insufficient to prove that the defendant was an active participant in rather than a passive

observer of the offense charged. The evidence in this case was far from overwhelming, but viewing it in the light most favorable to the prevailing party, as we must, we cannot say that it is insufficient either as to corroboration or proof of the defendant's active participation.

Evidence corroborating the testimony of an accomplice is sufficient to avoid appellate reversal if it "reasonably tend[s] to connect a defendant with the commission of a crime." *People v. Perry*, 7 C.3d 756, 774, 103 Cal. Rptr. 161, 499 P.2d 129 (1972). The testimony of Sergeant Sablan's two neighbors meets this test. Their undisputed testimony that a red Datsun pickup, identical to one usually driven by the defendant, raced through the Sablan neighborhood with its lights off at the time of both shootings reasonably tends to connect the defendant with the assault on the Sablan household.[1] The existence of plausible explanations for the presence of the red Datsun pickup other than evidencing the presence, support and encouragement of this defendant "is relevant to the weight of the evidence . . . but not to its admissibility or sufficiency for the purpose of corroboration." *People v. Perry*, id. at 773–774.

■ The defendant also attacks the sufficiency of the evidence as a whole claiming that it only proves him to have been a passive observer of a crime committed by others. He asserts that the following crucial testimony of Bennie Gogue is too ambiguous and incomplete to support a finding that he was an active participant in the Sablan shooting incident.

Q. What, if anything, did Eddie Olsen say at this time when you met him at the house?

---

[1] This conclusion, although not dependent on the somewhat speculative testimony of Mary Lou Griffen regarding the similarity of the defendant's hairstyle to that of the driver of the red Datsun pickup on the night in question, is, nonetheless, bolstered by this additional bit of circumstantial evidence.

A. Just to shoot—what's his name—just to shoot Sergeant Sablan.

Q. Sergeant Frank Sablan?

A. Yes.

Q. Was Patrick Palomo here at that discussion?

A. Yes, Sir.

Q. Do you remember whether Patrick Palomo joined in that conversation?

A. Yes.

Reporter's Transcript, p. 134, lines 4–14.

The defendant complains that this testimony is ambiguous in that it is unclear whether Gogue's "Yes" response meant that Patrick Palomo joined in the conversation or that Gogue *remembered* whether he did. He further complains that the testimony is incomplete because it does not reveal the extent or nature of Patrick Palomo's participation in the conversation. But on appeal we must assume that the jury resolved ambiguity and incompleteness in favor of the prevailing party. Therefore, otherwise sufficient evidence is not rendered insufficient by speculation premised on the opposite assumption. Furthermore, it was the responsibility of defendant's trial counsel, not the prosecutor, to eliminate the ambiguity and incompleteness by fleshing out Gogue's testimony on this point during cross-examination. As an appellate court we can only assume that defense counsel's failure to do so sprang from a conscious recognition that clarification or amplification of this crucial portion of Gogue's testimony would not be beneficial to his client.

■ The defendant's third appellate contention poses a difficult and rarely raised legal issue: must a trial judge make a preliminary determination that a statement by a witness, *other than the defendant*, was made voluntarily? Were there not two excellent appellate opinions discussing this issue, we would be compelled to discuss it at length.

496

*LaFrance v. Bohlinger*, 499 F.2d 29 (1st Cir. 1974) and *People v. Underwood*, 61 C.2d 113, 37 Cal. Rptr. 313, 389 P.2d 937 (1964), however, make extended discussion unnecessary. We accept the reasoning of the First Circuit and its holding:

> . . . [When] there is a substantial claim by the defendant that the impeaching statement offered by the Government was obtained by police threats and other blatant forms of physical and mental duress . . . the court has a duty to conduct its own inquiry and to exclude the statement if found to have been unconstitutionally coerced.

*LaFrance v. Bohlinger*, supra at 35; accord, *People v. Underwood*, id.

There was a substantial claim raised by defendant that Vincent Palomo's impeaching statement was obtained by threatening him with trial as an adult for his part in the Sablan assault.[2] The trial court did not make its own inquiry into this claim. Therefore, this case must be remanded for a determination of whether Vincent Palomo voluntarily gave the statement used to impeach his trial testimony. If, after holding an evidentiary hearing and considering the totality of the circumstances,[3] the trial court is convinced by a preponderance of the evidence[4] that the statement was made voluntarily, the defendant will be entitled to no further relief.[5] On the other hand, should the court conclude that the statement was coerced by a threat to subject Vincent to trial as an adult, the statement must be suppressed and the defendant retried.

The defendant's final appellate contention is that the prosecutor engaged in misconduct sufficiently serious to

---

[2] Vincent Palomo testified under oath that Detective Palacios threatened to certify him for adult prosecution if he did not cooperate. His testimony in this regard was confirmed by the later sworn testimony of Keith L. Walker, Assistant Attorney General for the government of Guam.

[3] See *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973).

[4] *Lego v. Twomey*, 404 U.S. 477, 489 (1972); *LaFrance v. Bohlinger*, supra, 499 F.2d at 36.

[5] *Jackson v. Denno*, 378 U.S. 368 (1964).

require reversal. We have carefully examined each of the defendant's claims of prosecutorial misconduct and find them neither singly nor collectively adequate to warrant reversal. This should not be construed, however, as an appellate seal of approval for the prosecutorial conduct complained of. The prosecutor, particularly in his misuse of Vincent Palomo's impeaching statement in his closing argument, at times treads dangerously close to misconduct of reversible dimensions.

This case is remanded for the aforementioned determination of voluntariness. In all other respects the conviction is affirmed.